## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| HELEN FISHER<br>814 Southern Avenue, SE #103<br>Washington, D.C. 20000 | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| THE GEORGE WASHINGTON<br>UNIVERSITY<br>2121 I Street, NW<br>Washington, D.C. 20052 | ) ) ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### NOTICE OF REMOVAL

To:    United States District Court
for the District of Columbia

Superior Court for the District of Columbia

John F. Pressley, Jr.
7600 Georgia Avenue, NW  Ste. 412
Washington, D.C. 20012

PLEASE TAKE NOTICE that Defendant The George Washington University ("GW")

hereby removes this civil action from the Superior Court for the District of Columbia, pursuant

to 28 U.S.C. §§ 1441 and 1446. The grounds for this removal are as follows:

1.    A civil action has been commenced and is now pending in the Superior Court for

the District of Columbia wherein Helen Fisher is the Plaintiff ("Plaintiff") and GW is the

Defendant. That action has been designated case number 08-000358 by the Clerk of the

aforementioned court. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, motions

and orders thus far served upon or by GW in Case No. 08-000358 are attached hereto as Attachment A.

2.      Process in Case No. 08-000358 was served on GW on February 14, 2008.  This Notice of Removal is filed within 30 days of service of the Complaint upon GW and therefore is timely.

3.      This action is a civil action in which Plaintiff's cause of action alleges that she was subject to sexual harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq*, while employed with GW.  <u>See</u> Compl., Att. A.

4.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, because Plaintiff's sexual harassment claim alleges a violation of federal law.

5.      Accordingly, the above-referenced civil action is removable to this Court pursuant to 28 U.S.C. §§ 1441(b) and 1446(b).

6.      Notice of the filing of this Notice of Removal will be given to Plaintiff and will be filed with the Clerk of the Superior Court of the District of Columbia pursuant to 28 U.S.C. § 1446(d).

2

WHEREFORE, for the reasons stated above, Case No. 08-000358 pending in the

Superior Court for the District of Columbia is removable to this Court.

Respectfully submitted,

THE GEORGE WASHINGTON UNIVERSITY

By: _____

Raymond C. Baldwin (Bar No. 461514)
Eyana J. Smith (Bar No. 489466)

SEYFARTH SHAW LLP
815 Connecticut Avenue, N.W., Suite 500
Washington, D.C.  20006-4004
(202) 463-2400 (ph)
(202) 828-5393 (fax)

*Attorneys for Defendant The George Washington University*

Dated:  March 4, 2008

3

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Notice of Removal, was served by certified U.S. Mail, postage prepaid, this 4th day of March 2008 upon:

John F. Pressley, Jr., Esq.
7600 Georgia Avenue, NW Ste. 412
Washington, D.C. 20012
*Attorney for Plaintiff*

I also certify that I have caused a copy of this Notice of Removal to be filed with the Clerk of the Superior Court for the District of Columbia in accordance with 28 U.S.C. § 1446(d) and have filed herewith as Attachment A, all process, pleadings, and orders served upon or by Defendant GW pursuant to 28 U.S.C. § 1446(a).

Eyana J. Smith

4

Exhibit A

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| HELEN FISHER<br>814 Southern Avenue, SE #103<br>Washington, D.C. 20000<br><br>   Plaintiff,<br><br>  v.<br><br>THE GEORGE WASHINGTON<br>UNIVERSITY<br>2121 I Street, NW<br>Washington, D.C. 20052<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 08-000358<br>Next Event: Initial Sched. Conf. 4/18/08<br>Judge Leibovitz |

### NOTICE OF FILING NOTICE OF REMOVAL

To: Superior Court for the District of Columbia

  John F. Pressley, Jr.
  7600 Georgia Avenue, NW  Ste. 412
  Washington, D.C. 20012

  PLEASE TAKE NOTICE that on this 4th day of March 2008, Defendant The George

Washington University ("GW") by and through its undersigned counsel, filed a Notice of

Removal of this action to the United States District Court for the District of Columbia.  A true

copy of the Notice of Removal is attached hereto as Exhibit 1.

  Pursuant to 28 U.S.C. § 1446(d), the Superior Court for the District of Columbia may not

proceed further with this matter.

Respectfully submitted,

THE GEORGE WASHINGTON UNIVERSITY

By:/s/ Raymond C. Baldwin
    Raymond C. Baldwin (Bar No. 461514)
    Eyana J. Smith (Bar No. 489466)

    SEYFARTH SHAW LLP
    815 Connecticut Avenue, N.W., Suite 500
    Washington, D.C.  20006-4004
    (202) 463-2400 (ph)
    (202) 828-5393 (fax)

    *Attorneys for Defendant The George
    Washington University*

Dated:  March 4, 2008

2

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Notice of Filing Notice of Removal, was served

by certified U.S. Mail, postage prepaid, this 4th day of March 2008 upon:

> John F. Pressley, Jr.
> 7600 Georgia Avenue, NW  Ste. 412
> Washington, D.C.  20012

/s/ Eyana J. Smith_____
Eyana J. Smith

3

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

HELEN FISHER             )
814 Southern Avenue, S.E., #103 )
Washington, D.C. 20000      )
        Plaintiff        )
                     )
        v.           )     Civil Action No.
                     )
GEORGE WASHINGTON   )
UNIVERSITY           )
2121 I Street, N.W.       )
Washington, D.C. 20052    )
                     )
**Serve:**          )
Mary Lynn Reed        )
2100 Pennsylvania Ave., N.W. )
Suite 250            )
Washington, DC 20052    )
        Defendant    )
_____)

## COMPLAINT

(Title VII of the Civil Rights Act of 1964 as Amended)

COMES NOW, Plaintiff, Helen Fisher, by and through her attorney, John F. Pressley, Jr., Esq. and for her complaint against the defendant herein, alleges as follows:

### I. INTRODUCTION

1.  This is a civil action brought pursuant to the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16 (Pub. L. 92-262, March 24, 1972) seeking monetary damages in compensation for sex discrimination and sexual harassment in violation of said statute.

2.  Charges against the defendant alleging sexual harassment were timely filed

with the District of Columbia Office of Human Rights and the Equal Employment

Opportunity Commission (EEOC) and more than sixty (60) days have elapsed since the

filing of the charges.

3.  The EEOC issued a Right To Sue letter on October 19, 2007 which was

received by the plaintiff on or about October 22, 2007.

## II. JURISDICTION

4.  Jurisdiction of this court is based upon D.C. Code § 11-921 (2001 ed., as

amended).

## III. THE PARTIES

5.  The plaintiff, Helen Fisher, a black female, at all times relevant to the

allegations of the Complaint was a resident of the District of Columbia and was an

employee of defendant within the meaning of 42 U.S.C. 2000e(f).

6.  The George Washington University is a non-profit corporation and an

institution of higher learning located and operating in the District of Columbia engaged in

commerce within the meaning of 42 U.S.C. § 2000e(g).

## III. STATEMENT OF FACTS

7.  On or about January 24, 2005 Ms. Fisher began employment with defendant

as a housekeeper. Ms. Fisher is a pleasant and personable religious individual whose

father was also previously employed with defendant.

8.  Plaintiff was supervised by Gerald Williams who had a history of sexually

harassing women whom he supervised in the Housekeeping Department. During the

course of Ms. Fisher's initial employment with defendant her job duties were such that

2

she frequently came into contact with Mr. Williams.

9.   In February of 2005, Mr. Williams Gerald Williams began to sexually harass Ms. Fisher.

10.   Mr. Williams' improper conduct toward Ms. Fisher started out with him engaging in sexually provocative and suggestive stares at the plaintiff. This was accompanied by constant disrespectful sexually suggestive comments and innuendoes. On or about June of 2005, for instance Mr. Williams indicated to Ms. Fisher that he liked her "ass" and indicated that he could see her thong.

11.   This unwelcome behavior on the part of Mr. Williams had the effect of making Ms. Fisher uncomfortable and uneasy whenever she was in Mr. Williams presence.

12.   In early July of 2005 Mr. Williams' improper sexually tinged behavior escalated to the extent that while in the Government Building, Mr. Williams came behind Ms. Fisher and put his arms around her and pressed his body against hers. This essentially sexual assault of Ms. Fisher was very frightening and disconcerting.

13.   Ms. Fisher complained and reported this incident to Tony Dillard, Head of Facilities; India Harrison, Mr. Williams' immediate supervisor;  and Deborah McDonald of Human Resources.

14.   Despite Ms. Fisher's reporting of the sexually charged behavior of Mr. Williams to these managers, his abusive behavior continued, unabated.

15.   Later in July of 2005 Mr. Williams continued his verbal abuse of Ms. Fisher, asking her directly about her feelings about sexual intercourse. Ms. Fisher attempted to rebuff the question, indicating that it was unprofessional and unwelcome. Mr. Williams,

3

ignoring Ms. Fisher's response, continued to verbally disrespect Ms. Fisher by engaging in an unwelcome sexually tinged harangue, indicating that he loved sexual intercourse. Again, Ms. Fisher was left feeling grossly disrespected.

16. Later in July of 2005 Mr. Swartz, a co-worker of Ms. Fisher, grabbed her breasts in the elevator. Ms. Fisher was forced to fight off this assault and run to escape.

17. Also in July of 2005 Mr. Williams called Ms. Fisher into his office where Mr. Swartz was also present. They both pulled out their wallets and offered to pay Ms. Fisher if she would dance for them. Ms. Fisher again was made to feel grossly disrespected and frightened.

18. This constant course of conduct by Mr. Williams continued to make the work place environment an intimidating, disconcerting and frightful place for Ms. Fisher.

19. Ms. Fisher again reported this to managers within the Facilities Department, again, to no avail.

20. Mr. Williams continued his demeaning sexually provocative course of conduct. On or about August of 2005, while walking from one building to another, Mr. Williams asked Ms. Fisher when she was going to have sex with him as he moved his body in a vulgar, sexually suggestive manner simulating intercourse. He told Ms. Fisher not to tell anyone what he said.

21. During this entire period of time Ms. Fisher was made to feel uncomfortable, disrespected, intimidated and frightened around Mr. Williams who supervised her and with whom she frequently worked in close proximity.

22. At the same time that Mr Williams harassed Ms. Fisher, he engaged in sexual harassment of other women whom he supervised.

4

23. On or about August 22, 2005 Ms. Fisher filed a complaint with the District of Columbia Office of Human Rights (OHR) alleging sexual harassment. Ms. Fisher also cross-filed with the Equal Employment Opportunity Commission (EEOC). Ms. Fisher represented herself during the course of the proceedings before the OHR.

24. On March 19, 2007 the OHR issued a Letter Of Determination finding no probable cause regarding Ms. Fisher's claim. On October 19, 2007 the EEOC adopted the finding of the OHR and issued a Right to Sue letter to Ms. Fisher.

25. On or about April 4, 2007, soon after her case was dismissed by the OHR, Ms. Fisher was terminated from employment with George Washington University.

## COUNT I
### (Sexual Harassment)

26. The plaintiff adopts and incorporates each and every allegation contained in paragraphs 1 - 25 as if fully set forth herein.

27. The plaintiff is a member of a class protected against sexual harassment under the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)-2(a)(1).

28. The plaintiff was subjected to unwelcome sexual harassment which was severe, pervasive and frequent.

29. The harassment of the plaintiff was based on her sex.

30. The sexual harassment of the plaintiff unreasonably interfered with her work performance and created an intimidating, hostile and offensive work environment.

31. The harassment was conducted by plaintiff's supervisor and a co-worker.

32. Plaintiff's supervisor was an employee of defendant George Washington University.

5

33.   Defendant knew or should have known about the harassment of the plaintiff but failed to take appropriate action to curtail said harassment.

34.   As a direct and proximate result of said harassment plaintiff sustained damages compensable pursuant to the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)-2(a)(1).

## **Relief Requested**

WHEREFORE, plaintiff demands judgment against defendant George Washington University and requests that the Court award:

(a) Judgment in the amount of One Million Dollars ($1,000,000.00) in compensatory damages;

(b) Judgment in the amount of Five Million Dollars ($5,000,000.00) in punitive damages;

( c) Attorney's fees; and

(d) Such other relief as may be just and proper.

Respectfully submitted,

_____

John F. Pressley, Jr, #379716
7600 Georgia Avenue. N.W., Suite 412
Washington. D.C. 20012
(202)723-8800
(202)723-8801 (Fax).
*Attorney for Plaintiff*

6

## JURY DEMAND

Plaintiff Helen Fisher demands a trial by jury on all issues so triable.

Respectfully submitted,

_____

John F. Pressley, Jr.

7

# CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| HELEN FISHER | THE GEORGE WASHINGTON UNIVERSITY |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____ D.C. (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____ D.C. (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| JOHN F. PRESSLEY, JR. 7600 GEORGIA AVENUE, NW STE. 412 WASHINGTON, D.C. 20012 | RAYMOND C. BALDWIN EYANA J. SMITH SEYFARTH SHAW LLP 815 CONNECTICUT AVE., NW STE. 500 WASHINGTON, D.C. 20006-4004 |

## II. BASIS OF JURISDICTION
(PLACE an x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ● 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ● 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

○ **A. Antitrust**

- ☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**

- ☐ 151 Medicare Act

**Social Security:**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**   OR   ○ **F. Pro Se General Civil**

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○  G. *Habeas Corpus/2255* | ○  H. *Employment Discrimination* | ○  I. *FOIA/PRIVACY ACT* | ○  J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○  K. *Labor/ERISA (non-employment)* | ○  L. *Other Civil Rights (non-employment)* | ○  M. *Contract* | ○  N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original
Proceeding
◉ 2 Removed
from State
Court
○ 3 Remanded from
Appellate Court
○ 4 Reinstated
or Reopened
○ 5 Transferred from
another district
(specify)
○ 6 Multi district
Litigation
○ 7 Appeal to
District Judge
from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Plaintiff alleges claims of sexual harassment violations under 42 U.S.C. 2000e, et seq. against Defendant.

**VII. REQUESTED IN
COMPLAINT**
CHECK IF THIS IS A CLASS
ACTION UNDER F.R.C.P. 23   ☐
DEMAND $  $6,000,000
JURY DEMAND:
Check YES only if demanded in compl
YES ☒   NO ☐

**VIII. RELATED CASE(S)
IF ANY**
(See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE  3/4/08     SIGNATURE OF ATTORNEY OF RECORD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

HELEN FISHER                            )
814 Southern Avenue, SE  #103           )
Washington, D.C.  20000                 )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )     Case No.  08-000358
                                        )     Next Event:  Initial Sched. Conf. 4/18/08
THE GEORGE WASHINGTON                   )     Judge Leibovitz
UNIVERSITY                              )
2121 I Street, NW                       )
Washington, D.C.  20052                 )
                                        )
            Defendant.                  )
_____ )

### NOTICE OF FILING NOTICE OF REMOVAL

To:    Superior Court for the District of Columbia

       John F. Pressley, Jr.
       7600 Georgia Avenue, NW  Ste. 412
       Washington, D.C.  20012

       PLEASE TAKE NOTICE that on this 4th day of March 2008, Defendant The George

Washington University ("GW") by and through its undersigned counsel, filed a Notice of

Removal of this action to the United States District Court for the District of Columbia.  A true

copy of the Notice of Removal is attached hereto as Exhibit 1.

       Pursuant to 28 U.S.C. § 1446(d), the Superior Court for the District of Columbia may not

proceed further with this matter.

Respectfully submitted,


THE GEORGE WASHINGTON UNIVERSITY


By:/s/ Raymond C. Baldwin
    Raymond C. Baldwin (Bar No. 461514)
    Eyana J. Smith (Bar No. 489466)

    SEYFARTH SHAW LLP
    815 Connecticut Avenue, N.W., Suite 500
    Washington, D.C.  20006-4004
    (202) 463-2400 (ph)
    (202) 828-5393 (fax)

    *Attorneys for Defendant The George*
    *Washington University*

Dated:  March 4, 2008

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Notice of Filing Notice of Removal, was served

by certified U.S. Mail, postage prepaid, this 4th day of March 2008 upon:

> John F. Pressley, Jr.
> 7600 Georgia Avenue, NW  Ste. 412
> Washington, D.C.  20012

/s/ Eyana J. Smith_____
Eyana J. Smith

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_HELEN FISHER_____
Plaintiff

v.

_THE GEORGE WASHINGTON_____
Defendant      _UNIVERSITY_

Civil Action No.    **08 0396**

**MAR - 4 2008**

     The above entitled action, removed from the Superior Court for the District of Columbia, has been filed and assigned to Judge **BATES, J. JDB**_____. All counsel and/or pro se litigants must include on any subsequent pleadings both the civil action number and the initials of the judge assigned to this action. (See preceding sentence for judge's initials).

     Pursuant to Local Rule 83.2(a)(b), an attorney must be a member in good standing of the bar of this Court to appear, file papers or practice. To assist the Clerk's Office in properly recording all counsel of record, counsel for all parties must enter their appearance in accordance with our Local Rule 83.6(a). Timely compliance with this requirement will enable the Clerk's Office to ensure prompt delivery of notices and orders.

     Finally, your attention is called to Local Rule 16.3, Duty to Confer. This rule clearly spells out the duty of counsel, as well as pro se litigants, to confer and report back to the Court on a wide range of questions.

NANCY MAYER-WHITTINGTON, CLERK

By _____
Deputy Clerk

cc: JOHN F. PRESSLEY

929A
Rev. 7/02

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

HELEN FISHER                                )
814 Southern Avenue, S.E., #103 )
Washington, D.C. 20000              )
   Plaintiff                         )
            )
    v.                               )   Civil Action No.
            )
GEORGE WASHINGTON        )
UNIVERSITY                           )
2121 I Street, N.W.                    )
Washington, D.C. 20052          )
            )
**Serve:**      )
Mary Lynn Reed                       )
2100 Pennsylvania Ave., N.W.   )
Suite 250                                   )
Washington, DC 20052             )
    Defendant              )
_____ )

## COMPLAINT
(Title VII of the Civil Rights Act of 1964 as Amended)

COMES NOW, Plaintiff, Helen Fisher, by and through her attorney, John F. Pressley, Jr., Esq. and for her complaint against the defendant herein, alleges as follows:

### I. INTRODUCTION

1. This is a civil action brought pursuant to the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e-16 (Pub. L. 92-262, March 24, 1972) seeking monetary damages in compensation for sex discrimination and sexual harassment in violation of said statute.

2. Charges against the defendant alleging sexual harassment were timely filed

with the District of Columbia Office of Human Rights and the Equal Employment

Opportunity Commission (EEOC) and more than sixty (60) days have elapsed since the

filing of the charges.

3.  The EEOC issued a Right To Sue letter on October 19, 2007 which was

received by the plaintiff on or about October 22, 2007.

## II. JURISDICTION

4.  Jurisdiction of this court is based upon D.C. Code § 11-921 (2001 ed., as

amended).

## III. THE PARTIES

5.  The plaintiff, Helen Fisher, a black female, at all times relevant to the

allegations of the Complaint was a resident of the District of Columbia and was an

employee of defendant within the meaning of 42 U.S.C. 2000e(f).

6.  The George Washington University is a non-profit corporation and an

institution of higher learning located and operating in the District of Columbia engaged in

commerce within the meaning of 42 U.S.C. § 2000e(g).

## III. STATEMENT OF FACTS

7.  On or about January 24, 2005 Ms. Fisher began employment with defendant

as a housekeeper. Ms. Fisher is a pleasant and personable religious individual whose

father was also previously employed with defendant.

8.  Plaintiff was supervised by Gerald Williams who had a history of sexually

harassing women whom he supervised in the Housekeeping Department. During the

course of Ms. Fisher's initial employment with defendant her job duties were such that

2

she frequently came into contact with Mr. Williams.

9.   In February of 2005, Mr. Williams Gerald Williams began to sexually harass Ms. Fisher.

10.   Mr. Williams' improper conduct toward Ms. Fisher started out with him engaging in sexually provocative and suggestive stares at the plaintiff. This was accompanied by constant disrespectful sexually suggestive comments and innuendoes. On or about June of 2005, for instance Mr. Williams indicated to Ms. Fisher that he liked her "ass" and indicated that he could see her thong.

11.   This unwelcome behavior on the part of Mr. Williams had the effect of making Ms. Fisher uncomfortable and uneasy whenever she was in Mr. Williams presence.

12.   In early July of 2005 Mr. Williams' improper sexually tinged behavior escalated to the extent that while in the Government Building, Mr. Williams came behind Ms. Fisher and put his arms around her and pressed his body against hers. This essentially sexual assault of Ms. Fisher was very frightening and disconcerting.

13.   Ms. Fisher complained and reported this incident to Tony Dillard, Head of Facilities; India Harrison, Mr. Williams' immediate supervisor;  and Deborah McDonald of Human Resources.

14.   Despite Ms. Fisher's reporting of the sexually charged behavior of Mr. Williams to these managers, his abusive behavior continued, unabated.

15.   Later in July of 2005 Mr. Williams continued his verbal abuse of Ms. Fisher, asking her directly about her feelings about sexual intercourse. Ms. Fisher attempted to rebuff the question, indicating that it was unprofessional and unwelcome. Mr. Williams,

3

ignoring Ms. Fisher's response, continued to verbally disrespect Ms. Fisher by engaging in an unwelcome sexually tinged harangue, indicating that he loved sexual intercourse. Again, Ms. Fisher was left feeling grossly disrespected.

16.    Later in July of 2005 Mr. Swartz, a co-worker of Ms. Fisher, grabbed her breasts in the elevator. Ms. Fisher was forced to fight off this assault and run to escape.

17.    Also in July of 2005 Mr. Williams called Ms. Fisher into his office where Mr. Swartz was also present. They both pulled out their wallets and offered to pay Ms. Fisher if she would dance for them. Ms. Fisher again was made to feel grossly disrespected and frightened.

18.    This constant course of conduct by Mr. Williams continued to make the work place environment an intimidating, disconcerting and frightful place for Ms. Fisher.

19.    Ms. Fisher again reported this to managers within the Facilities Department, again, to no avail.

20.    Mr. Williams continued his demeaning sexually provocative course of conduct. On or about August of 2005, while walking from one building to another, Mr. Williams asked Ms. Fisher when she was going to have sex with him as he moved his body in a vulgar, sexually suggestive manner simulating intercourse. He told Ms. Fisher not to tell anyone what he said.

21.    During this entire period of time Ms. Fisher was made to feel uncomfortable, disrespected, intimidated and frightened around Mr. Williams who supervised her and with whom she frequently worked in close proximity.

22.    At the same time that Mr Williams harassed Ms. Fisher, he engaged in sexual harassment of other women whom he supervised.

4

23. On or about August 22, 2005 Ms. Fisher filed a complaint with the District of

Columbia Office of Human Rights (OHR) alleging sexual harassment. Ms. Fisher also

cross-filed with the Equal Employment Opportunity Commission (EEOC). Ms. Fisher

represented herself during the course of the proceedings before the OHR.

24. On March 19, 2007 the OHR issued a Letter Of Determination finding no

probable cause regarding Ms. Fisher's claim. On October 19, 2007 the EEOC adopted

the finding of the OHR and issued a Right to Sue letter to Ms. Fisher.

25. On or about April 4, 2007, soon after her case was dismissed by the OHR,

Ms. Fisher was terminated from employment with George Washington University.

## COUNT I
### (Sexual Harassment)

26. The plaintiff adopts and incorporates each and every allegation contained in

paragraphs 1 - 25 as if fully set forth herein.

27. The plaintiff is a member of a class protected against sexual harassment

under the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)-2(a)(1).

28. The plaintiff was subjected to unwelcome sexual harassment which was

severe, pervasive and frequent.

29. The harassment of the plaintiff was based on her sex.

30. The sexual harassment of the plaintiff unreasonably interfered with her work

performance and created an intimidating, hostile and offensive work environment.

31. The harassment was conducted by plaintiff's supervisor and a co-worker.

32. Plaintiff's supervisor was an employee of defendant George Washington

University.

5

33.  Defendant knew or should have known about the harassment of the plaintiff but failed to take appropriate action to curtail said harassment.

34.  As a direct and proximate result of said harassment plaintiff sustained damages compensable pursuant to the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)-2(a)(1).

## Relief Requested

WHEREFORE, plaintiff demands judgment against defendant George Washington University and requests that the Court award:

(a) Judgment in the amount of One Million Dollars ($1,000,000.00) in compensatory damages;

(b) Judgment in the amount of Five Million Dollars ($5,000,000.00) in punitive damages;

( c) Attorney's fees; and

(d) Such other relief as may be just and proper.

Respectfully submitted,

_____

John F. Pressley, Jr, #379716
7600 Georgia Avenue. N.W., Suite 412
Washington. D.C. 20012
(202)723-8800
(202)723-8801 (Fax)
*Attorney for Plaintiff*

6

## JURY DEMAND

Plaintiff Helen Fisher demands a trial by jury on all issues so triable.

Respectfully submitted,

_____

John F. Pressley, Jr.