IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HELEN FISHER, ) | |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 08-CV-396 |
| THE GEORGE WASHINGTON ) | |
| UNIVERSITY, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## ANSWER

Defendant The George Washington University ("Defendant" or "GW" or "University") by and through undersigned counsel, hereby answers Plaintiff Helen Fisher's ("Plaintiff") Complaint as follows:

### I. INTRODUCTION

1. The allegations contained in Paragraph 1 of the Complaint are conclusions of law or mixed conclusions of law and fact to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 1 of the Complaint.

2. The allegations contained in Paragraph 2 of the Complaint are conclusions of law or mixed conclusions of law and fact to which no answer is required. To the extent an answer is required, Defendant states that Plaintiff filed a charge with the DC Office of Human Rights and EEOC, and that more than sixty days have passed since the filing of said charge.

3. Defendant admits that the EEOC issued a right to sue letter on October 19, 2007, but is without sufficient information to admit or deny, and therefore denies, the remaining allegations in Paragraph 3 of the Complaint.

## II. JURISDICTION

4.      The allegations contained in Paragraph 4 of the Complaint are conclusions of law or mixed conclusions of law and fact to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 4 of the Complaint.

## III. THE PARTIES

5.      Defendant admits that Plaintiff is a Black female and that she was formerly employed by GW. Defendant lacks sufficient information to form a belief as to the truth of, and therefore denies, the allegations contained in Paragraph 5 of the Complaint regarding Plaintiff's legal residence. The remaining allegations contained in Paragraph 5 of the Complaint are conclusions of law or mixed conclusions of law and fact to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6.      Defendant admits that it is a non-profit corporation and an institution of higher learning located and operated in the District of Columbia. The remaining allegations contained in Paragraph 6 of the Complaint are conclusions of law or mixed conclusions of law and fact to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 6 of the Complaint.

## IV. STATEMENT OF FACTS

7.      Defendant admits that Plaintiff was employed by Defendant as a Service Worker on or about January 24, 2005, and that Plaintiff's father had been a GW employee. Defendant is without sufficient information to admit or deny, and therefore denies, the remaining allegations in Paragraph 7 of the Complaint.

8.      Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9.      Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. The allegations contained in Paragraph 11 of the Complaint are conclusions of law or mixed conclusions of law and fact to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant admits the allegations contained in the first and second sentences of Paragraph 23 of the Complaint. Defendant is without sufficient information to admit or deny, and therefore denies, the remaining allegations contained in Paragraph 23 of the Complaint.

24. Defendant admits the allegations contained in Paragraph 24 of the Complaint.

25. Defendant admits that Plaintiff's employment was terminated in April 2007, but denies the remaining allegations contained in Paragraph 25 of the Complaint.

**COUNT I (SEXUAL HARASSMENT)**

26. Defendant hereby incorporates by reference its responses to the allegations set forth in Paragraphs 1 though 25 of the Complaint.

27. The allegations contained in Paragraph 27 of the Complaint are conclusions of law or mixed conclusions of law and fact to which no answer is required. To the extent an answer is required, Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant admits the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint, and denies that Plaintiff is entitled to any relief or suffered any damages as a result of any conduct on the part of GW.

## **RELIEF REQUESTED**

Defendant denies that Plaintiff is entitled to any of the relief requested in the WHEREFORE clause of the Complaint, or any relief whatsoever. Defendant further denies that Plaintiff has been injured or that she has suffered any damages as a result of any conduct on the part of GW.

## **AFFIRMATIVE DEFENSES**

By pleading the following as Affirmative Defenses, Defendant does not concede that each of the matters covered by the numbered defenses is to be proven by said Defendant, and Defendant reserves the position that Plaintiff retains the burden of proof on all matters necessary to state the claims asserted in the Complaint and to establish the alleged damages. Without prejudice to its denials and other statements of its pleadings, Defendant alleges the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages are barred because the alleged acts or omissions of Defendant fail to rise to the level required to sustain an award of punitive damages, do not evidence a malicious, reckless or fraudulent intent to deny Plaintiff her protected rights and are not so wanton or willful as to support an award of punitive damages.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim against Defendant for punitive damages is barred because Defendant has engaged in good faith efforts to comply with federal, state and local discrimination and harassment laws.

## FOURTH AFFIRMATIVE DEFENSE

Any and all actions taken toward Plaintiff were justified, were based upon good cause, and were taken for legitimate, non-retaliatory reasons.

## FIFTH AFFIRMATIVE DEFENSE

Claims in Plaintiff's Complaint are barred because she has failed to mitigate damages properly.

## SIXTH AFFIRMATIVE DEFENSE

Defendant denies that any of its employees, officers, or agents acted in any manner that would constitute discrimination or violated any law.  Even assuming, however, that Plaintiff's rights were violated, Defendant is not liable for Plaintiff's claims, in whole or in part because, even assuming the truth of certain allegations, any wrongful acts were performed outside the

scope of employment of Defendant's employees and may not be attributed to the Defendant through principles of agency, respondeat superior, or otherwise.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant is not liable for Plaintiff's claims, in whole or in part, because Plaintiff was not subjected to a hostile work environment on the basis of her sex, and all actions taken with respect to her employment were taken for legitimate business reasons that cannot be shown to be pretextual.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the conduct complained of, even assuming it occurred, did not constitute or amount to a tangible employment action, because it did not significantly affect Plaintiff's job responsibilities or benefits.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the conduct complained of is not sufficiently severe or pervasive to create a hostile work environment and was not unwelcome.

### TENTH AFFIRMATIVE DEFENSE

All or a portion of Plaintiff's claims are barred because she unreasonably failed to take advantage of any preventative and corrective opportunities provided by Defendant to avoid harm otherwise.

### ELEVENTH AFFIRMATIVE DEFENSE

All or a portion of Plaintiff's claims are barred because Defendant took prompt remedial action to correct and did correct any alleged discrimination or harassment.

### TWELFTH AFFIRMATIVE DEFENSE

All or a portion of Plaintiff's claims are barred by the applicable statute of limitations.

## THIRTEENTH AFFIRMATIVE DEFENSE

All or a portion of the claims in Plaintiff's Complaint are barred by the exclusivity provisions of the workers' compensation statutes.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendant is not liable for Plaintiff's claims, even assuming the truth of certain allegations, because the actions alleged did not affect a term or condition of employment and Plaintiff did not suffer an adverse employment action.

WHEREFORE, Defendant respectfully requests judgment dismissing the Complaint in its entirety and that judgment be entered in its favor and that it be awarded its costs, inclusive of attorneys' fees and such other relief as the Court may deem just and proper.

Respectfully submitted,

THE GEORGE WASHINGTON UNIVERSITY

By: /s/ Raymond C. Baldwin
    Raymond C. Baldwin (Bar No. 461514)
    Eyana J. Smith (Bar No. 489466)

SEYFARTH SHAW LLP
815 Connecticut Avenue, N.W., Suite 500
Washington, D.C. 20006-4004
(202) 463-2400 (ph)
(202) 828-5393 (fax)

Date: March 10, 2008

*Attorneys for Defendant The George Washington University*

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Answer, was served by electronic notification and first-class mail, postage prepaid, this 10th day of March, 2008, upon:

John F. Pressley, Jr., Esq.
7600 Georgia Avenue, NW  Ste. 412
Washington, D.C.  20012
*Attorney for Plaintiff*

/s/ Eyana J. Smith
Eyana J. Smith

DC1 30224330.3