IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HELEN FISHER, )<br>)<br>)<br>Plaintiff, )<br>)<br>)<br>THE GEORGE WASHINGTON )<br>UNIVERSITY, )<br>)<br>)<br>Defendant. )<br>_____) | Case No.: 08-CV-396 (JDB) |

**JOINT RULE 16.3 STATEMENT OF THE PARTIES**

Pursuant to Local Civil Rule 16.3, the parties have met and conferred and hereby submit their joint written report outlining the discovery plan and including a proposed scheduling order.

**DISCOVERY PLAN**

| | |
|---|---|
| Joinder of Additional Parties and Amendment of Pleadings. | May 8, 2008 |
| Exchange Rule 26(a) Disclosures | April 16, 2008 |
| Plaintiff's Rule 26(a)(2) Expert Disclosures | May 8, 2008 |
| Defendant's Rule 26(a)(2) Expert Disclosures | June 8, 2008 |
| Plaintiff's Rebuttal Rule 26(a)(2) Expert Disclosures | June 23, 2008 |
| Discovery Deadline | October 8, 2008 |
| Dispositive Motions Due | Sixty (60) Days After Close of Discovery |
| Pretrial | Sixty (60) Days After Ruling on Dispositive Motions |

DC1 30226096.2

## LOCAL RULE 16.3(C) MATTERS DISCUSSED BY THE PARTIES

Plaintiff Helen Fisher alleges that employees of her former employer, The George Washington University, sexually harassed her in violation of Title VII of the Civil Rights Act of 1964 as Amended.

Defendant contends that it did not subject Ms. Fisher to sexual harassment nor did any of its employees.

Pursuant to Local Rule 16.3(c), the parties have reached agreement as to the following matters:

1.   **Dispositive motions:** Defendant anticipates filing a dispositive motion on all or part of the facts alleged in Plaintiff's complaint, which the Plaintiff intends to oppose.

2.   **Joinder/Amendment of Pleadings:** The parties request a period of up to April 8, 2008, although none are anticipated at this time.

3.   **Assignment to Magistrate Judge:** The parties do not oppose the referral of any discovery disputes that may arise. The parties are amenable to have the matter assigned to a Magistrate Judge for settlement purposes at such time as it appears settlement discussions may be productive. The parties do not consent to referring this matter to a magistrate for trial.

4.   **Possibility of Settlement:** The parties have conducted preliminary settlement discussions but have not yet been unable to reach an agreement.

5.   **Alternative Dispute Resolution:** The parties have discussed ADR as outlined in Rule 16.3(c)(5), and agree that ADR would likely not be beneficial at this time. The parties agree, however, that ADR may be revisited after the close of discovery.

6.   **Dispositive Motions:** The parties agree that any dispositive motions should be filed sixty (60) days after the close of discovery with any opposition to be filed thirty (30) days thereafter and any reply due fifteen (15) days after the filing of the opposition.

7.   **Initial Disclosures:** The parties have agreed to exchange initial disclosures no later than April 16, 2008.

8.   **Extent of Discovery:** The parties agree that the discovery period of this matter shall be completed by October 8, 2008. Plaintiff believes that forty (40) interrogatories per side is appropriate in this case. Defendant believes that depositions and interrogatories should be limited in accordance with Local Rule 26.2(b). If appropriate, the parties will seek to reach an agreement on the terms of an appropriate protective order without the necessity of intervention of the court.

DC1 30226096.2

The parties agree that responsive electronic documents in this case will be produced in hard copy, subject to privilege, work product doctrine, and other objections. Defendants reserve the right to identify such documents as not reasonably accessible in accordance with Fed. R. Civ. P. 26(b)(2)(B).

9.   **Expert Witness Reports:** Plaintiff shall disclose all experts and provide all expert reports approximately forty five (45) days after the initiation of the discovery period, by May 8, 2008. Defendant shall disclose any experts and provide expert reports within thirty (30) days after any disclosure by Plaintiff, by June 8, 2008. Plaintiff shall have until June 23, 2008 to submit any rebuttal expert reports.

10.   **Class Actions:** This matter is not a class action.

11.   **Bifurcated Trial/Discovery:** There are no requests for bifurcation by either party.

12.   **Pretrial Conference Date:** The parties suggest that a pretrial conference be scheduled sixty (60) days after the resolution of any dispositive motions filed with the court.

13.   **Trial Date:** The parties suggest that a trial date be set at the time the pretrial conference is scheduled.

Respectfully submitted,

THE GEORGE WASHINGTON UNIVERSITY

By: /s/ Raymond C. Baldwin
Raymond C. Baldwin (Bar No. 461514)
Eyana Smith (Bar No. 489446)

SEYFARTH SHAW LLP
815 Connecticut Avenue, NW, Suite 500
Washington, DC 20006
(202) 463-2400

*Attorneys for Defendant*

HELEN FISHER

By: /s/ John F. Pressley, Jr.
John F. Pressley, Jr. #379716
7600 Georgia Avenue, NW
Suite 412
Washington, DC 20012
(202) 723-8800

March 26, 2008                                      *Attorney for Plaintiff*

DC1 30226096.2

<u>CERTIFICATE OF SERVICE</u>

I certify that a true copy of the foregoing Joint Rule 16.3 Statement of the Parties, was served by electronic notification and U.S. mail, postage prepaid, this 26th day of March, 2008, upon:

John F. Pressley, Jr., Esq.
7600 Georgia Avenue, NW Ste. 412
Washington, D.C. 20012
*Attorney for Plaintiff*

/s/ Eyana J. Smith
Eyana J. Smith